## SIMON v. SIMON.

June 6, 1833.

*Rule to show cause why the sheriff's sale should not be set aside.*

Inadequacy of price alone is a sufficient reason for setting aside a sheriff's sale of land under an order of sale in proceedings *in partition*; a fair price is necessary to a fair sale.

In such case however, if the purchaser has paid the amount of his bid to the sheriff, the court will set aside the sale, *on condition* that he is paid interest on that amount from the time of such payment.

Mere inadequacy of price is not a sufficient ground for setting aside a sheriff's sale on an *execution*.

THIS was a summons *in partition* to have parted and divided between the parties certain real estate described in the writ. Judgment *quod partitio fiat* was duly rendered, and a *breve de partitione facienda* was issued, to which the return was, that the property could not be divided without prejudice to and spoiling the whole, and affixing a valuation. The parties having declined to take the premises at the valuation, upon the proper application, the court made an *order of sale*, upon which a writ to make sale of the premises in the usual mode was issued, directed to the sheriff, who advertised according to law, and, at the time and place appointed, sold the property to James M'Call for Robert Allen, for the price of 930

[Simon v. Simon.]

dollars, who paid the money to the sheriff, but did not receive a deed for it.

This was a rule to show cause why the sheriff's sale should not be set aside, obtained at the instance of Philip Gilbert, one of the parties, and a bidder at the sale.

On the hearing of the rule, the grounds of the application to set aside the sale were stated to be as follows viz. :

1. Inadequacy of price ; that the property sold was fairly worth 2000 dollars.

2. That there were two bidders, M'Call and Philip Gilbert, of the price of 930 dollars, at the time the sheriff knocked down the property to M'Call, under the impression that he was the only bidder ; and that the sheriff on being immediately apprised of the fact, refused to put up the property again.

A number of depositions, taken according to the rules of the court, were read in evidence, in support and in contradiction of these allegations.

*J. M. Scott*, for the rule, contended, 1. That this was not to be treated as an ordinary sheriff's sale by virtue of an execution. The object of the whole proceeding was for the benefit of the parties to the writ. It was to divide the land, or its substitute, its fair value, equitably between them. In such a case, the principle that inadequacy of price is sufficient in chancery to cause a non confirmation of the sale, applies. 2 *Madd.* 384, 385; *Sugd. on Vend.* 45, 46. 2. The refusal to set up the property again after the sheriff had ascertained there were two bidders, and before the persons present had separated, was error in the sale.

*P. A. Browne, contra,* contended that this sale was under judicial process, and it would throw great obstacles in the way of effecting the law in relation to partitions, if mere inadequacy of price is held a sufficient ground to set aside the sale. The purchaser, by the plain law of contracts, has a vested right in the purchase, and has paid his money. The evidence does not support the allegation of two bidders. He cited Lessee of Weitzell *v.* Fry, 4 *Dall.* 221 ; Dickey's Case, 1 *Jour. Jurisp.* 92 ; *Sugd. on Vend.* 33.

The opinion of the court (BARNES, *President*; COXE, J.; and PETTIT, J. was delivered by

BARNES, *President.*—This case comes up on a rule to show cause

[Simon v. Simon.]

why the sale by the sheriff, by order of court, under proceedings in partition, should not be set aside. There appears to have been, at the time of sale, some misapprehension by the parties interested in the property, respecting the bidding, and if the sale is confirmed, this misapprehension will have operated injuriously upon their interests.

Mere deficiency of price is not of itself a sufficient ground to set aside a sheriff's sale under execution, when the proceedings have been regular; but we have not extended this rule to sales made by order of court in cases of *partition,* and there are many reasons why we should not do it.

The purpose of sale is not to recover a debt, but to make equal partition, among all parties, of the fair value of a property which cannot otherwise be divided. After having declined to take the property at a valuation by the inquest, the plaintiff, in proceeding to make sale to obtain his share, should not have it in his power to sacrifice the interests of others. It may so happen that the property is of great value, and the plaintiff's share of inconsiderable amount; that the defendants are minors, *femes covert,* residents abroad, having no actual notice of the proceedings; and it would perhaps lead to mischievous consequences to establish a rule that inadequacy of price is not a ground to set aside a sale in partition.

In this case the parties interested were at the sale, by themselves or their agents; nevertheless, from untoward circumstances, the property was knocked down for much less than its value, and for less than they intended, at the time, to have bid. The believed value at public sale is 2000 dollars; it was knocked down for 930 dollars; its appraised value was much more than the latter sum.

This application to the court to set aside the sale is resisted by the purchaser, on the ground that the sale was fair, and he was the highest and best bidder. In partition a fair price is necessary to a fair sale, and it is a mistake to suppose that the bidder has a right to the property for less than its fair value. The very purpose and object of the sale is to prevent a sacrifice of the property; it is because it cannot be divided "without prejudice to or spoiling the whole," the sale is ordered. The defendants in partition owe the plaintiff no duty; they are in no default in the premises; and when their property has been knocked down for manifestly less than its value, and less than it would bring on a re-sale, their right to a re-sale cannot be resisted by the allegation that the bidder would thereby lose the benefit of a good bargain. The condition annexed to our order however is, that

the party making this application pay to the purchaser interest on the amount of his bid for the time it has been in the hands of the sheriff, which we understand is ready to be done. On this condition, we order the

Rule absolute.